# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RACHEAL WAGMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| ATLANTA NETWORK | ) | |
| TECHNOLOGIES, INC., | ) | |
| CHARLES COMERFORD, NANCY | ) | |
| COMERFORD AND | ) | COMPLAINT AND REQUEST |
| CATHERINE COMERFORD, | ) | FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMES NOW, Plaintiff RACHEAL WAGMAN (hereinafter "Plaintiff") by and through undersigned counsel, and files this Complaint for Damages, showing the Court as follows:

### 1.

Plaintiff, a resident in this District, brings these claims against Atlanta Network Technologies, Inc. (hereinafter "ANT"), Charles Comerford, Nancy Comerford, and Catherine Comerford (hereinafter "Defendants") based upon their violations of the Fair Labor Standards Act 29 U.S.C. § 201 et seq. Plaintiff seeks

declaratory and injunctive relief, back pay, liquidated damages, punitive damages, compensatory damages, and attorneys' fees, costs and expenses.

## JURISDICTION AND VENUE

### 2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

### 3.

Defendant Atlanta Network Technologies, Inc., is a Georgia corporation, licensed to do business in Georgia with its principal place of business at 710 Morgan Falls Road, Atlanta, Georgia 30350.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district.  Accordingly, venue in this Court is proper to 29 U.S.C. §1391.

### 4.

Defendant Charles Comerford is a corporate officer and owner of Defendant Atlanta Network Technologies, Inc., including setting and paying Plaintiff's wages for the relevant time period, and may be personally served at 7395 Wildercliff Drive, Atlanta, Georgia 30328.

5.

Defendant Charles Comerford directly or indirectly assigned and directed Plaintiff's work, set her work hours, evaluated her performance while working in his interest as an employer, and was an "employer" of Plaintiff as defined in 29 U.S.C. §203(d).

6.

Defendant Charles Comerford is individually liable for the FLSA violations set forth in this Complaint.

7.

Defendant Nancy Comerford is a corporate officer and owner of Atlanta Network Technologies, Inc.  and responsible for the day-to-day operations, including setting and paying Plaintiff's wages for the relevant time period, and may be personally served at 7395 Wildercliff Drive, Atlanta, Georgia, and this Court has personal jurisdiction over her.

8.

Defendant Nancy Comerford directly or indirectly assigned and directed Plaintiff's work, set her work hours, evaluated her performance while working in Defendant's interest as an employer, and was an "employer" of Plaintiff as defined in 29 U.S.C. §203(d).

9.

Defendant Nancy Comerford is individually liable for the FLSA violations set forth in this Complaint.

10.

Defendant Catherine Comerford is responsible for the day-to-day operations of Defendant Atlanta Network Technologies, Inc., including setting and paying Plaintiff's wages for the relevant time period.

11.

Defendant Catherine Comerford may be served at her place of business, 710 Morgan Falls Road, Atlanta, Georgia 30350, and this Court has personal jurisdiction over her.

12.

Defendant Catherine Comerford directly or indirectly assigned and directed Plaintiff's work, set Plaintiff's work hours, evaluated Plaintiff's performance while working in her interest as an employer, and was an "employer" of Plaintiff as defined in 29 U.S.C. § 203(d).

13.

Defendant Catherine Comerford is individually liable for the FLSA violations set forth in this Complaint.

**FACTS**

14.

ANT was and is engaged in interstate commerce through the sale of various computer, electronic, office, and gaming equipment and software to customers in the United States.

15.

At all relevant times, ANT has had a volume of business in excess of $500,000 per year.

16.

ANT is governed by and subject to the FLSA, 29 U.S.C. § 204 and § 207.

17.

Plaintiff began her employment with ANT in July 2017; Plaintiff was an employee of ANT as defined in 29 U.S.C. § 203(e).

18.

Plaintiff's duties in all positions she held during her employment with ANT required Plaintiff to regularly use interstate communication (such as U.S. mail, email, the internet, and telephone) and coordinate the movement of goods in the stream of interstate commerce. Plaintiff was, therefore, engaged in interstate commerce.

19.

Plaintiff was never designated with a particular title but was referred to as an associate in "Marketing" whose primary responsibilities consisted of assisting other members of ANT, correctly representing to the public manufacturer's marketing requirements, enhancing relationships with distributors, monitoring market and pricing trends, and analyzing profit and loss reports on manufacturer programs.

20.

As a marketing associate, Plaintiff never supervised a recognized department consisting of two or more full-time ANT employees, did not have as her primary duty the hiring, firing, disciplining, scheduling, or managing ANT employees, and her opinion on such matters was not given any particular consideration.  Plaintiff did not satisfy the duties required for an executive exemption from the overtime requirements of the FLSA.

21.

As a marketing associate, Plaintiff was subject to the oversight, direction, and control of her superiors, including Defendants Charles, Nancy, and Catherine Comerford.  Plaintiff's primary duties were directly related to ANT's core business and were not non-manual work associated with the administration of ANT's business.  Plaintiff did not retain or exercise discretion concerning matters of import to ANT's business operations.  Plaintiff did not satisfy the duties required for an administrative exemption from the overtime requirements of the FLSA.

22.

As a marketing associate, Plaintiff regularly worked in excess of 40 hours in a workweek.

23.

From July 2017 until January 2018, ANT and Defendants Charles, Nancy, and Catherine Comerford paid Plaintiff on a salary basis at an annualized rate of $40,000.

24.

From January 2018 until May 2018, ANT and Defendants Charles, Nancy, and Catherine Comerford paid Plaintiff on a salary basis at an annualized rate of $45,000.

25.

Because as a marketing associate Plaintiff did not satisfy the duties test to qualify for an exemption from FLSA's overtime obligations, Plaintiff was entitled to receive, and ANT and Defendants Charles, Nancy, and Catherine Comerford were legally obligated to pay, 1.5 times Plaintiff's regular rate (including her salary and bonuses) for all hours worked in excess of 40 in each workweek.

26.

ANT and Defendants knew or should have known that the FLSA applied to Plaintiff and that Plaintiff was entitled to overtime pay; they did not rely on any Department of Labor or other legal opinion indicating that Plaintiff was not entitled

to overtime; and their failure to pay overtime constitutes a willful violation of the FLSA.

27.

In May 2018, Plaintiff resigned her employment with ANT.  ANT, through Defendants Charles, Nancy, and Catherine Comerford, encouraged Plaintiff to reconsider her resignation.

28.

On or about May 9, 2018, ANT advised Plaintiff that it believed she might be in violation of certain restrictive covenants Plaintiff executed when she commenced employment with ANT in July 2017.

29.

Plaintiff responded to ANT on May 17, 2018 advising ANT that she was not (and would not be) violating any obligation to ANT and offered to provide additional explanation of any concerns that ANT may have regarding her subsequent employment activities.

30.

On May 22, 2018, Plaintiff's subsequent employer also advised ANT that Plaintiff's activities would not violate any obligations Plaintiff may owe to ANT, explained the steps that would be taken to protect ANT's interests, and invited ANT to contact the subsequent employer with any questions or concerns.

31.

In her May 17, 2018 correspondence to ANT, Plaintiff expressly advised ANT that she was concerned that she had not been paid properly under the FLSA and that she was continuing to look into the matter.  Plaintiff asked that ANT preserve records related to her pay and hours worked.

32.

Within just 15 days of receiving Plaintiff's notice of her FLSA concerns, ANT filed a breach of contract action against Plaintiff in the Superior Court of Cobb County Georgia (Civil Action No. 18-104074, the "Lawsuit").

33.

ANT's Lawsuit lacks a reasonable basis in law or fact and was filed in retaliation for Plaintiff's notice to ANT of her FLSA concerns.

# COUNT I

## <u>VIOLATIONS OF THE FLSA'S OVERTIME PROVISIONS</u>

### 34.

Plaintiff re-alleges allegations 1-33 as if fully set forth in this Count 1.

### 35.

For all or the majority of Plaintiff's employment, from July 2017 and ending with her May 2018 separation, Plaintiff frequently worked more than 40 hours per week.

### 36.

Plaintiff was not subject to any exemption from the FLSA's overtime requirements.

### 37.

Plaintiff was entitled to receive overtime pay at 1.5 times her regular rate for all hours worked in excess of 40 in each workweek.

38.

ANT and Defendant Charles, Nancy, and Catherine Comerford knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours worked in excess of 40 in those workweeks.

39.

By failing to accurately report, record, and/or preserve records of hours Plaintiff worked, ANT and Defendants Charles, Nancy, and Catherine Comerford failed to make, keep, and preserve records with respect to their employees, including Plaintiff, sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA.  ANT and Defendant Charles, Nancy, and Catherine Comerford also failed to properly post the notice required by the FLSA to advise employees, including Plaintiff, of their FLSA rights.

40.

ANT's and Defendants' Charles, Nancy, and Catherine Comerford's failure to pay Plaintiff 1.5 times her regular rate for hours in excess of 40 in a workweek as the FLSA required constitutes a willful and bad faith violation of the FLSA for their pecuniary benefit.  Defendants knew or showed reckless disregard for the fact that their actions, policies, and/or omissions violated the FLSA.

41.

As a direct and proximate result of ANT's and Defendants Charles, Nancy, and Catherine Comerford's failure to pay Plaintiff 1.5 times her regular rate for hours in excess of 40 in a workweek as the FLSA required, Plaintiff has suffered lost wages.

42.

Plaintiff is entitled to liquidated damages in an amount equal to the amount of back wages she is owed.

43.

Plaintiff is entitled to have ANT and Defendants Charles, Nancy, and Catherine Comerford pay Plaintiff the attorneys' fees, costs, and expenses incurred in recovering the back wages and liquidated damages associated with ANT's and Defendants' Charles, Nancy, and Catherine Comerford's substantive FLSA violations.

## COUNT II

## <u>VIOLATIONS OF THE FLSA'S ANTI-RETALIATION PROVISIONS</u>

44.

Plaintiff re-alleges allegations 1-43 as if fully set forth in this Count II.

45.

Plaintiff's notice to ANT of her FLSA concerns and request that ANT preserve records regarding her pay and hours worked constituted protected activity as defined by the applicable law and the Eleventh Circuit Court of Appeals.

46.

ANT filed its frivolous Lawsuit against Plaintiff in retaliation for Plaintiff's protected activity under the FLSA.

47.

29 U.S.C. § 215(a)(3) makes it unlawful for "any person…to discharge or in any other manner discriminate against an employee because such an employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding[.]"

48.

The FLSA's definition of the word "person" includes corporations such as ANT, and ANT is prohibited from retaliating against Plaintiff because she engaged in activity protected by the FLSA.

49.

ANT violated the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

50.

ANT knew that its conduct violated the FLSA, and ANT acted with malice or reckless indifference to Plaintiff's federally protected rights.

51.

ANT's violations of the FLSA were willful and in bad faith.

52.

Plaintiff suffered an adverse action as a result of her statutorily protected conduct, specifically ANT filed a meritless lawsuit against her.

53.

ANT's meritless Lawsuit was not "wholly unrelated," and was in fact, directly related to Plaintiff having engaged in FLSA-protected activity.

54.

As a direct and proximate result of the retaliation, Plaintiff has sustained economic losses and emotional distress, for which she is entitled to recover from ANT.

55.

ANT's conduct was intentional, humiliating, and shows willful misconduct, malice, and reckless disregard for Plaintiff's FLSA rights.

56.

The FLSA allows Plaintiff to recover actual and liquidated damages, including lost wages, compensatory damages, attorneys' fees, and the cost of this litigation incurred with the retaliation claims.

## **PRAYERS FOR RELIEF:**

WHEREFORE, Plaintiff respectfully requests this court to:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)     Enter judgment awarding Plaintiff unpaid wages, liquidated damages, pre-judgment interest, court costs, attorneys' fees, expenses of litigation, and all other remedies allowed by the FLSA;

(C)     Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)     Award damages, including damages for emotional distress and pecuniary losses on Plaintiff's FLSA retaliation claim; and

(E)      Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 21st day of August 2018.

> */s/Alex M. Barfield*
> Alex M. Barfield
> Georgia Bar No. 037147
> alex.barfield@stantonlawllc.com
> Todd H. Stanton
> Georgia Bar No. 675425
> todd.stanton@stantonlawllc.com
> Amy B. Thomson
> Georgia Bar No. 845894
> amy.thomson@stantonlawllc.com
> 410 Plasters Avenue NE
> Suite 200
> Atlanta, Georgia 30324

Telephone: (404) 881-1288

*Attorneys for Plaintiff Racheal Wagman*

## CERTIFICATION UNDER L.R. 7.1.D

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that this **PLAINTIFF RACHEAL WAGMAN'S COMPLAINT FOR DAMAGES** is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

*/s/ Alex M. Barfield*
Alex M. Barfield
Georgia Bar No. 037147
alex.barfield@stantonlawllc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RACHEAL WAGMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| ATLANTA NETWORK | ) | |
| TECHNOLOGIES, INC., | ) | |
| CHARLES COMERFORD, NANCY | ) | |
| COMERFORD AND | ) | |
| CATHERINE COMERFORD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this date served the within and foregoing **PLAINTIFF RACHEAL WAGMAN'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the CM/ECF System which will automatically send email notification of such filing to the following attorney of record:

Michael D. Cross, Jr.
Briskin, Cross & Sanford, LLC
1001 Cambridge Squire
Suite D
Alpharetta, GA 30009

And I certify that I will serve the document via process server to the following non-filing Defendants:

Atlanta Network Technologies, Inc.
c/o Michael Cross
Briskin, Cross & Sanford, LLC
1001 Cambridge Square
Suite D
Alpharetta, GA 30009

Charles Comerford
7395 Wildercliff Drive
Atlanta, GA 30328

Nancy Comerford
7395 Wildercliff Drive
Atlanta, GA 30328

Catherine Comerford
710 Morgan Falls Road
Atlanta, GA 30350

Dated: August 21, 2018

*/s/ Alex M. Barfield*
Alex Barfield